UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| NATALJA VILDZIUNIENE, | ) | CASE NO. 19-22967 |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

**REPLY TO RESPONSE TO MOTION TO VACATE OCTOBER 16, 2019, ORDER AUTHORIZING DEBTOR AND DEBTOR IN POSSESSION TO RETAIN COUNSEL**

Now comes Patrick S. Layng, the United States Trustee for Region 11 (the "U.S. Trustee"), by his attorney, Jeffrey S. Snell, and in reply to the arguments and contentions in the Response to the Motion to Vacate October 16, 2019, Order Authorizing Debtor and Debtor In Possession to Retain Counsel (the "Response") [Dkt. 243], respectfully states to the Court as follows:

1. Mr. de'Medici was introduced to the debtor by James Ayres, Sr., a creditor asserting a secured claim against real property held by this estate that he obtained less than one year before the bankruptcy filing in the weeks preceding the Debtor's divorce trial. Mr. Ayres did not represent the debtor at her divorce trial, but, with his then-recently obtained $25,000 mortgage to serve as a credit line for legal services, he sat in to observe the entire proceeding. After the divorce court issued its ruling, Mr. Ayres entered his appearance and filed a motion to reconsider, arguing the debtor was inadequately represented at trial and urging the court to reverse various of its rulings, including the ruling pertaining to Mr. Ayres' own present client and former attorney, Joseph Gentleman. The motion to reconsider was denied in its entirety. But $1,107.20 in fees attributable to the divorce case is part of Mr. Ayres partially secured claim in this matter, as is $8,420 for his work on the pending appeal of the divorce judgment. (*See* Proof of Claim 20-1, p. 3.) In his Rule 2014 statement supporting the application that led to entry of the October 16, 2019, Order Authorizing Debtor and Debtor In Possession to Retain Counsel Retroactive to August 14, 2019

(the "Employment Order") [Dkt. 44], Mr. de'Medici did not disclose that Mr. Ayres introduced him to the debtor by contacting him, arranging for, and then attending, his interview with the debtor that resulted in his selection for the filing of this case.

2. The affidavits of Natalja Vildziuniene, Mr. de'Medici, and Mr. Ayres attached to the Response emphasize that the decision to hire Mr. de'Medici was the debtor's alone. The affidavits indicate that Mr. Ayres attended the debtor's interviews of Mr. de'Medici and a second prospective bankruptcy attorney to "provide relevant information." (*See* Ayres Affidavit, at 10; Vildziuniene Affidavit at 6.) Messrs. Ayres' and de'Medici's Affidavits aver that they had no business relationship or intention to refer each other clients at the time of the initial interview meeting with Ms. Vildziuniene. (*See* de'Medici Affidavit at 6; Ayres Affidavit at 16-17.) Notably, the affidavits do not speak to whether the estate's employment of Mr. Ayres as special counsel was discussed at the initial meeting or in the prior communication(s) between Messrs. de'Medici and Ayres.

3. The Response argues that Mr. de'Medici had no obligation to disclose Mr. Ayres' role in facilitating his (Mr. de'Medici's) employment. (*See* Response, p. 6, section titled "Ayres Introduction Was Too Remote To Create A Materially Adverse Interest Or To Require Disclosure.") The U.S. Trustee disagrees that the connection is "too remote" to require disclosure; the connection to the creditor was the "but for" cause of Mr. de'Medici's retention. As the U.S. Trustee noted in the pending motion, the introduction "could raise a question in reasonable minds as to what kind of a position Mr. de'Medici is in to challenge the secured claim of Mr. Ayres, under 11 U.S.C. § 548 or otherwise, if appropriate." (Motion to Vacate, ¶ 13.)

4. The Response correctly points out that the caselaw cited in the Motion to Vacate does not involve the same factual circumstances that exist here. (*See* Response, p. 6 ("None of the

2

cases cited by the US Trustee involve circumstances even remotely comparable to the case at hand…")) The U.S. Trustee cited cases enunciating the general principles that *full* and *complete* disclosure is required. If the debtor and Mr. de'Medici have caselaw that is on point with the factual circumstances here (where a secured creditor with a questionable claim and probable aspirations to be employed as special counsel by the estate facilitated a debtor-in-possession's counsel's retention, and the benefiting counsel then omitted the connection in his Rule 2014 statement), they failed to cite it in the Response.

5. The Response seeks to set the bar for disclosure below what is required by the Federal Rules of Bankruptcy Procedure. Rule 2014(a) requires an applicant to state in the application, and the person to be employed to state in an accompanying verified statement, the person's "connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Fed. R. Bankr. Proc. 2014(a). According to the Response, requiring a proposed estate professional to disclose that a creditor helped facilitate the person's hiring would "change long-standing practice in this District without any notice." (Response at 8.) The U.S. Trustee hopes that there is not a long-standing practice of such omissions in this District. If there is, he isn't aware of it.

6. The Response makes arguments addressing issues with Mr. de'Medici's continued employment beyond what is implicated by the Motion to Vacate, *to wit*: that Mr. de'Medici's business relationship with Mr. Ayres that commenced post-petition is not disqualifying. If Mr. de'Medici wants the Court to rule on the permissibility of him remaining counsel to the estate while carrying on a business relationship with a creditor, he should bring a motion. It is the debtor's burden to show that the counsel she wants to represent the interests of the estate is disinterested.

*Interwest Bus. Equip. v. United States Trustee (In re Interwest Bus. Equip.)*, 23 F.3d 311, 318 (10th Cir. 1994). The debtor's and Mr. de'Medici's attempt to obtain approval of his business relationship with Mr. Ayres through a response to the Motion to Vacate is procedurally improper, and turns the employment process of § 327 on its head.

7.  The Response curiously tries to implicate the U.S. Trustee in Mr. de'Medici's non-disclosure, announcing "[Mr.] de'Medici voluntarily disclosed that the introduction [by Mr. Ayres to the debtor] had occurred" and then asserting in an accompanying footnote: "The US Trustee did ask de'Medici in late July 2020 whether Ayres had introduced him to the Debtor, but he did not demand that [Mr.] de'Medici disclose this information to the Court." (Response, p. 8, fn. 3.) If the Response means to cast the impression that the U.S. Trustee did not believe the connection was significant because there was not a "demand" to Mr. de'Medici that he correct his sworn Rule 2014 statement, then the Response is mistaken. If the Response means to imply that Mr. de'Medici's supplemental Rule 2014 statement filed Sunday, July 26, 2020, was completely independent of the U.S. Trustee's July 24, 2020, inquiry, then the U.S. Trustee can only observe the circumstantial fact that the two events occurred within 48 hours of each other.

8.  Full disclosure by a proposed estate professional of his or her connections is critical to the integrity of the bankruptcy system, and it is required by the Rules. Full disclosure did not happen here. Because the U.S. Trustee is not privy to the full details and history of the de'Medici/Ayres relationship, he moved to vacate the Employment Order rather than moving to disqualify Mr. de'Medici as counsel. While the Response makes clear that the debtor and Mr. de'Medici would like to argue the factual details of the de'Medici/Ayres relationship (that they have now tardily disclosed a few general details of) to assert that Mr. de'Medici is eligible today

4

to be employed by this estate under § 327(a) (while contending it is the U.S. Trustee's burden to prove otherwise), that is not the procedural posture of the Motion to Vacate. And nor should it be.

9.      If Mr. de'Medici had disclosed that Mr. Ayres arranged for his meeting the debtor, his employment may well have been approved. Or the application may have been denied after inquiry. What certainly would have happened is further questions would have been asked of Mr. de'Medici, and closer scrutiny would have been paid to Mr. Ayres' claims. Because full disclosure was not made, these inquiries did not occur.

10.     Almost a year after entry of the Employment Order, the debtor and Mr. de'Medici stand before the Court downplaying disclosure obligations while suggesting that the estate can retain conflicts counsel to deal with Mr. Ayres' claim in the future:

> […] de'Medici has not shown any favoritism towards Ayres or his claim. Indeed, no actual conflict yet exists. Nothing has occurred with respect to Ayres' claim because a date for objections to claims has not been set. The parties will not know if Ayres' alleged secured status even matters (because there is a lien ahead of him) until the relevant property is sold. At that time, if there is equity in Ayres' claim (unknown), and if Ayres does not voluntarily relinquish his security interest (a possibility), the Debtor can retain conflicts counsel.

(Response, p. 10.) On the one hand, the Response contends it "is doubtful" that Mr. de'Medici was even required to disclose that Mr. Ayres introduced him to the debtor. (Id., p. 8.) On the other hand, the Response tries to reassure by announcing that the estate will retain conflicts counsel to deal with Mr. Ayres claim at some future date, if necessary.[1] (Id., p. 10.) These two irreconcilable

---

[1] It is theoretically possible, as the Response suggests, that there could be no value to support Mr. Ayres' security interest. But realization of this possibility would require real estate values in Park Ridge, Illinois to plummet. At the time the court in the divorce proceeding dealt with Mr. Ayres' (then-surprise) mortgage, there was ample equity in the property so that the court could safely allocate payment of the mortgage to the debtor's 50% interest. At the time the debtor filed this bankruptcy proceeding, there was ample equity in the property to secure the Ayres' interest. (The debtor's schedules obscure this point by characterizing the first mortgage of Suntrust Bank as a "statutory lien and showing it as applicable to only the debtor's 50% of the Dee Road property. But in reality, the $461,951 1st position mortgage is secured by the entire property, which the debtor valued at $711,400 in Schedule A/B.)

5

lines of argument illustrate the reality of the situation.

11. The Court and all parties should be provided complete and accurate information when the debtor, as debtor-in-possession, seeks to employ a professional for the estate. That did not happen with the application to employ Mr. de'Medici. The U.S. Trustee respectfully submits that the Employment Order should be vacated under Rule 60(b).

WHEREFORE, the U.S. Trustee respectfully requests that the Court vacate the Employment Order and grant any other and further relief as is just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG,
U. S. TRUSTEE

Dated: September 21, 2020

/s/ *Jeffrey S. Snell*
Jeffrey S. Snell, Trial Attorney
Office of the United States Trustee
United States Department of Justice
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
Direct: (312) 886-0890
Email: Jeffrey.Snell@usdoj.gov

---

The U.S. Trustee does not feel the need to dispute factual "stretches" in the Response that are not germane to the Motion to Vacate pending before the Court. By not specifically disputing a factual claim or conclusion, the U.S. Trustee is not agreeing to the merits of the assertion.

## CERTIFICATE OF SERVICE

I, Jeffrey S. Snell, an attorney, certify that I caused a copy of above REPLY to be served on each entity shown on the attached service list at the address shown and by the method indicated on September 21, 2020, before 5:00 p.m.

/s/ Jeffrey S. Snell

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

| | |
|---|---|
| James J. Ayres: | James@AyresLawLtd.com, jjasresq@gmail.com; docket@ayreslawltd.com |
| Peter C. Bastianen: | ND-Four@il.cslegal.com |
| Jeffrey D. Corso: | jcorso@ccvmlaw.com |
| David DeCelles: | david.decelles@usdoj.gov |
| Carrie A. Dolan: | cdolan@cohonraizes.com |
| Jonathan D. Golding: | jgolding@goldinglaw.net |
| Richard N. Golding: | rgolding@goldinglaw.net |
| Patrick S. Layng: | USTPRegion11.ES.ECF@usdoj.gov |
| Dana N. O'Brien: | dana.obrien@mccalla.com, NDistrict@mccalla.com, mccallaecf@ecf.courtdrive.com |
| Jennifer M. Rinn: | Jennifer@rinnrichmanlaw.com |
| Christopher T. Smith: | ctsmith@attorneyctsmith.com |
| Toni Townsend: | toni.townsend@mccalla.com, northerndistrict@mccalla.com, mccallaecf@ecf.courtdrive.com |
| Bruce E. de'Medici: | bdemedici@gmail.com |

**Parties Served via First Class Mail:**

| | |
|---|---|
| Natalja Vildziuniene<br>208 Dee Road<br>Park Ridge, IL 60068 | BMW Financial Services NA, LLC,<br>c/o AIS Portfolio Services, LP<br>4515 N. Santa Fe Ave., Dept. APS<br>Oklahoma City, OK 73118 |
| Cornelius P. Brown<br>Cohon Raizes & Regal<br>208 S. LaSalle Street<br>Suite 1440<br>Chicago, IL 60604 | William G. Potratz<br>30 N. LaSalle St.<br>Ste. 3200<br>Chicago, IL 60602 |