UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| NATALJA VILDZIUNIENE, | ) | CASE NO. 19-22967 |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **October 5, 2020, at 1:30 p.m.**, I shall appear before the Honorable Timothy A. Barnes, Bankruptcy Judge or before any other Bankruptcy Judge who may be sitting in his place and shall present the **MOTION FOR RULE 2004 EXAMINATIONS OF NATALJA VILDZIUNIENE, KEVIN LAROE, PHYLLIS LAROE, J.P. MORGAN CHASE BANK, N.A., SUNTRUST MORTGAGE INC., CELTIC BANK CORPORATION, and ALLY BANK,** a copy of which is attached and served on you.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ Jeffrey S. Snell
Jeffrey S. Snell, Trial Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
Direct: (312) 886-0890
Email: Jeffrey.Snell@usdoj.gov

## CERTIFICATE OF SERVICE

I, Jeffrey S. Snell, an attorney, certify that the **Notice of Motion,** attached **Motion For Rule 2004 Examinations of Natalja Vildziuniene, Kevin Laroe, Phyllis Laroe, J.P. Morgan Chase Bank, N.A., Suntrust Mortgage Inc., Celtic Bank Corporation, and Ally Bank, and Proposed Order** were served on each entity shown on the below service list at the addresses shown and by the method indicated on the list on September 28, 2020, before 5:00 p.m.

/s/ Jeffrey S. Snell

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants**

James J. Ayres:     James@AyresLawLtd.com, jjasresq@gmail.com; docket@ayreslawltd.com

Peter C. Bastianen:     ND-Four@il.cslegal.com

Kevin Besetzny:     kbesetzny@besetznylaw.com

Bradley Block:     brad.block@bradblocklaw.com

Jeffrey D. Corso:     jcorso@ccvmlaw.com

David DeCelles:     david.decelles@usdoj.gov

Carrie A. Dolan:     cdolan@cohonraizes.com

Jonathan D. Golding:     jgolding@goldinglaw.net

Richard N. Golding:     rgolding@goldinglaw.net

Patrick S. Layng:     USTPRegion11.ES.ECF@usdoj.gov

Dana N. O'Brien:     dana.obrien@mccalla.com, NDistrict@mccalla.com, mccallaecf@ecf.courtdrive.com

Jennifer M. Rinn:     Jennifer@rinnrichmanlaw.com

Christopher T. Smith:     ctsmith@attorneyctsmith.com

Jeffrey Snell:     jeffrey.snell@usdoj.gov

Amir R. Tahmassebi:     amir@konicekdillonlaw.com, Sheila@konicekdillonlaw.com

Toni Townsend:     toni.townsend@mccalla.com, northerndistrict@mccalla.com, mccallaecf@ecf.courtdrive.com

Bruce E. de'Medici:     bdemedici@gmail.com

**Parties Served via First Class Mail:**
*(See Attached Exhibit 1 Declaration of Mailing/Certificate of Service)*

Natalja Vildziuniene
208 N. Dee Rd.
Park Ridge, IL 60068

Kevin P. LaRoe
411 Elmore St.
Park Ridge, IL 60068-3436

Phyllis R. LaRoe,
411 Elmore St.
Park Ridge, IL 60068-3436

BMW Financial Services NA, LLC, c/o AIS
Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Cornelius P Brown
Cohon Raizes & Regal
208 S. LaSalle Street, Suite 1440
Chicago, IL 60604

William G. Potratz
30 N. LaSalle St., Ste. 3200
Chicago, IL 60602

**Parties Served via Certified Mail:**
*(See Attached Exhibit 1 Declaration of Mailing/Certificate of Service)*

SunTrust Mortgage, Inc.
Attn: Dorinda Smith, President and CEO
901 Semmes Avenue
Richmond, VA 23224

SunTrust Mortgage, Inc.
Attn: Illinois Corporation Service C,
Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703

Celtic Bank Corporation
Attn: Reese Howell, Jr., CEO
268 South State Street, Suite 300
Salt Lake City, Utah 84111

J.P. Morgan Chase Bank, N.A.
Attn: James Dimon, CEO
270 Park Ave.
New York, NY: 10017

J.P. Morgan Chase Bank, N.A.
Attn: Court Orders and Levies Section
P.O. Box 183164
Columbus, OH 43218

Ally Bank
Attn: Jeffrey J. Brown, CEO
200 West Civic Center Dr
Sandy, UT 84070

| IN RE: | ) | CHAPTER 11 |
| | ) | |
| NATALJA VILDZIUNIENE, | ) | CASE NO. 19-22967 |
| | ) | |
| DEBTOR. | ) | HON. TIMOTHY A. BARNES |

**MOTION FOR RULE 2004 EXAMINATIONS OF NATALJA VILDZIUNIENE, KEVIN
LAROE, PHYLLIS LAROE, J.P. MORGAN CHASE BANK, N.A., SUNTRUST
<u>MORTGAGE INC., CELTIC BANK CORPORATION, and ALLY BANK</u>**

Now comes Patrick S. Layng, the United States Trustee for Region 11 (the "U.S. Trustee"),
by his attorney, Jeffrey S. Snell, and moves the Court to enter an order authorizing discovery from
Natalja Vildziuniene, Kevin LaRoe, Phyllis LaRoe, J.P. Morgan Chase Bank, N.A., SunTrust
Mortgage Inc., Celtic Bank Corporation, and Ally Bank pursuant to Fed. R. Bankr. P. 2004. As
his reasons for this request, the U.S. Trustee states to the Court as follows.

1.      This is a core proceeding under 28 U.S.C. §157(b)(2)(A) which this Court may hear
and determine pursuant to Internal Operating Procedure 15(a) and Local Rule 40.3.1(a) of the
United States District Court for the Northern District of Illinois and Local Bankruptcy Rule 9013-
9.

2.      Movant is the U.S. Trustee and brings this motion pursuant to Fed. R. Bankr. P.
2004.

3.      On August 14, 2019, debtor Natalja Vildziuniene filed her voluntary petition for
relief under Chapter 11 of the Bankruptcy Code.

4.      The Debtor has managed this estate as a debtor-in-possession since the case was
filed.

5. At the time the Debtor filed bankruptcy, she held interests in four pieces of real estate, three of which are rental properties located at: 3659 North Nordica, Chicago, IL 60634 (the "Nordica Property"); 3224 North Ottawa, Chicago, IL 60634 (the "Ottawa Property"), and 3543 North Plainfield, Chicago, IL 60634 (the "Plainfield Property," and collectively with the Nordica Property and Ottawa Property, the "Rental Properties"). The fourth property is the Debtor's residence at 208 N. Dee Road, Park Ridge, IL (the "Dee Road Property").

6. On March 10, 2020, the Debtor objected to Proof of Claim #15 filed by Newtek Small Business Finance, LLC. (*See* Dkt. 123.) In objecting to the claim, the Debtor asserted (a) that she did not sign any of the relevant loan documents, (b) that the notary who purported to witness her signature on the documents (Violet Ciaccia) was deceased years before the documents were signed, and (c) that she received no consideration from the loan made by Newtek. Newtek asserts its claim is secured by a mortgage against the Ottawa Property and Plainfield Property.

7. On April 13, 2020, the Debtor objected to Claim #12 filed by the U.S. Small Business Administration. (*See* Dkt. 154.) In objecting to the claim, the Debtor asserted (a) that she did not sign the note and mortgage, (b) that the notary who purported to witness her signature on the documents (Violet Ciaccia) was deceased years before the documents were signed, and (c) that she received no consideration from the loan made by the SBA. The SBA asserts its claim is secured by a mortgage against the Ottawa Property.

8. According to records obtained from the Cook County Recorder of Deeds:

    a. The Debtor took title to the Nordica Property on June 29, 2011, in a transfer from Phyllis LaRoe. The deed effectuating the transfer purports to be notarized by Violet Ciaccia. The Debtor's acquisition of the Nordica Property appears to

have been facilitated by a $190,000 mortgage loan from Celtic Bank Corporation.

b.  The Debtor originally took title to the Ottawa Property on February 2, 2012, in a transfer from Phyllis LaRoe. The deed effectuating the transfer purports to be notarized by Violet Ciaccia. The Debtor's acquisition of the Ottawa Property appears to have been facilitated by a $130,000 mortgage loan from J.P. Morgan Chase Bank, N.A. On January 24, 2013, a deed dated April 13, 2012, and purporting to be signed by the Debtor and transferring the Ottawa Property from herself to herself and Kevin LaRoe jointly, was filed with the Cook County Recorder of Deeds. The deed purports to be notarized by Violet Ciaccia. It was after this deed that mortgages in favor of Newtek and the SBA were filed against the Ottawa Property.

c.  The Debtor originally took title to the Plainfield Property on June 14, 2012, in a transfer from Phyllis LaRoe. The deed effectuating the transfer purports to be notarized by Violet Ciaccia. The Debtor's acquisition of the Plainfield Property appears to have been facilitated by a $146,0250 mortgage loan from Ally Bank. On January 24, 2013, a deed dated October 17, 2012, purporting to be signed by the Debtor and transferring the Plainfield Property from herself to herself and Kevin LaRoe jointly, was filed with the Cook County Recorder of Deeds. The deed purports to be notarized by Violet Ciaccia. It was after this deed that a mortgage in favor of Newtek was filed against the Plainfield Property.

9.  According to the death certificate Debtor attached to her claims objections, Violet Ciaccia has been deceased since October 2, 2009.

10. The Debtor has been on title to the Dee Road Property at various points since 2009. In 2013, the Debtor took title to the property from Phyllis LaRoe (by deed notarized by a notary other than Violet Ciaccia) and appears to have taken a mortgage loan in connection with same. That mortgage loan was eventually transferred to Sun Trust Mortgage, Inc., who thereafter modified the mortgage.

11. The U.S. Trustee understands the Debtor to contend that she has been a victim of fraud relating to the Rental Properties. The U.S. Trustee did not initially realize that the same deceased notary whose signature appears on documents relating to the SBA and Newtek claims, also appears on the deeds through which the Debtor acquired her interests in the Rental Properties. The U.S. Trustee has read the 278-page transcript from the Debtor's November 15, 2018, divorce trial, but does not currently have a clear understanding as to exactly what transpired with the Rental Properties, and what the Debtor's precise involvement was. (The U.S. Trustee also does not have a definitive understanding as to exactly what monetary contributions the Debtor made for the acquisitions the Rental Properties and the Dee Road Property.) After hearing testimony from the Debtor and her (now former) spouse during the divorce trial, the judge in that case found:

> neither party to be particularly credible. The Court does not find it credible that Vito sat at the dinner table listening to his family talk Natalja into taking some property and never discussed it with her. The wife being talked into having her name in this – the Court cannot figure out what kind of scam was going on. The Court finds that this was not a credible operation with.clean hands.

(*See* Judgment for Dissolution of Marriage attached as Exhibit A, ¶ 8.)

12. Because the Debtor is managing this estate as a debtor-in-possession, and guiding litigation relating to the Rental Properties, the U.S. Trustee seeks to better understand exactly what the Debtor's role has been with respect to those properties and the issues arising from their various transfers. To this end, on July 27, 2020, the U.S. Trustee requested that Debtor produce copies of

the loan applications and closing statements relating to the Debtor's acquisitions of the Rental Properties and the Dee Road Property. The Debtor has not yet produced any of the requested documents.

13.     The U.S. Trustee is investigating whether cause exists to move for appointment of a trustee under 11 U.S.C. § 1104, or, alternatively, for conversion or dismissal of this case under § 1112, and, to that end, seeks authority under Rule 2004 to obtain documents and testimony from the Debtor, Kevin LaRoe, Phyllis LaRoe, J.P. Morgan Chase Bank, N.A., SunTrust Mortgage, Inc., Celtic Bank Corporation, and Ally Bank.

WHEREFORE, the U.S. Trustee requests the Court enter an order authorizing the U.S. Trustee to conduct discovery of the Debtor, Kevin LaRoe, Phyllis LaRoe, J.P. Morgan Chase Bank, N.A., SunTrust Mortgage, Inc., Celtic Bank Corporation, and Ally Bank., and for such other relief as is just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

DATED: September 28, 2020              By: */s/ Jeffrey S. Snell*
                                      Jeffrey S. Snell, Trial Attorney
                                      United States Department of Justice
                                      Office of the United States Trustee
                                      219 South Dearborn, Room 873
                                      Chicago, Illinois 60604
                                      Direct: (312) 886-0890
                                      Email: Jeffrey.Snell@usdoj.gov