IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION
IN RE THE MARRIAGE OF:

VITO MONTANA,                                    Case No.: 2016-D-007721
        Petitioner,

    And

NATALIA VILDZIUNIENE,
        Respondent.

## JUDGMENT FOR DISSOLUTION OF MARRIAGE

    This Cause coming to be heard upon the Petition for Dissolution of Marriage of the Petitioner, Vito Montana ("Vito"), and upon the Court having conducted a trial; Vito appearing individually and by his attorney, Lena Goretsky Winters; Respondent, Natalja Vildziuniene, ("Natalja") appearing individually and by her attorney, Christopher T. Smith for Potratz & Associates; the Court having heard testimony taken in open court and being fully advised in the premises;

### IT IS HEREBY FOUND THAT:

    1.    This Court has jurisdiction of the parties to and the subject matter of this cause.

    2.    Natalja at the time of commencement of this action was a resident of the State of Illinois, County of Cook, and such residence has been maintained for in excess of ninety (90) days next preceding the making of this finding.

    3.    The parties hereto were lawfully joined in marriage on February 21, 2008, in the State of Illinois, County of Cook, where their marriage is registered.

    4.    No children were born to the parties during the marriage, No children were adopted by the parties during their marriage and Natalja is not pregnant.

    5.    Irreconcilable differences between the parties have caused an irretrievable breakdown of the marriage. Efforts at reconciliation have failed and future attempts at reconciliation would be impracticable and not in the best interests of the family.

    6.    The parties have been living separate and apart for more than six months.

1

SR 000014
**U.S. Trustee's Exhibit A**

7.      The Court has had the opportunity to observe the parties and hear their testimony.

8.      The Court finds neither party to be particularly credible. The Court does not find it credible that Vito sat at the dinner table listening to his family talk Natalja into taking some property and never discussed it with her. The wife being talked into having her name in this—the Court cannot figure out what kind of scam was going on. The Court finds that this was not a credible operation with clean hands.

9.      The Court finds that, during the course of their marriage, one or both of the parties had interests in the following real property and that they are part of the marital estate: the marital residence located at 208 North Dee Road, Park Ridge, Illinois; and income properties located at 3224 North Ottawa Avenue, 3659 North Nordica Avenue, 3543 North Plainfield Avenue, 8534 West Sunnyside Avenue and 3742 N Oconto Ave. , all located in Chicago, Illinois.

10.     The properties located at 8534 West Sunnyside Avenue and 3742 N Oconto Ave were previously foreclosed upon and are no longer in the possession of either party.

11.     The property located at 208 North Dee Road was the marital residence until Vito moved out in August 2016. It is presently occupied by Natalja and is titled in her name alone.

12.     The property located at 3659 North Nordica Avenue is an income property and titled to Natalja.

13.     The property located at 3224 North Ottawa Avenue is an income property and titled to Natalja and Kevin LaRoe.

14.     The property located at 3543 Plainfield Avenue is an income property and titled to Natalja and Kevin LaRoe. The rental income from this property is currently being collected by Joseph Gentleman, Natalja's attorney in a Chancery Division matter, referenced below.

15.     The Court finds there to be clear and convincing evidence that, with regard to the two properties which were sold in foreclosure, both parties were equally obliged to maintain them and Natalja made all reasonable efforts to refinance or modify the mortgages on each.

2

SR 000015

**U.S. Trustee's Exhibit A**

16. The Court finds clear and convincing evidence that Natalja was using the money she collected from rents to pay the mortgages and the expenses for the income properties and the marital residence.

17. The Court finds that Natalja did not dissipate marital assets when she collected rents from all the income properties and did not pay the mortgages on the two properties which were subsequently sold in foreclosure.

18. The Court finds that any money Natalja contributed to the purchase of the marital residence will not be reimbursed to her from any net proceeds of the sale of the real properties.

19. The Court finds that it is inconsequential at the time of the entry of the Judgment that Natalja did not sign a quit claim deed transferring the property to her and Vito as joint tenants and that it is not necessary that she do so at the present time. The Court finds that it was important during the pendency of the case.

20. The Court finds that Natalja is presently the plaintiff in a matter before the Chancery Division of the Circuit Court of Cook County, case number 2015 CH 02159, and that any net recovery she receives from this case, if any, is marital property.

21. The Court finds that its order dated July 27, 2017 required Natalja to pay to Vito, as temporary maintenance, the amount of $1,500.00 per month for four months beginning in August 2017; and that Natalja did not make said payments to Vito.

**IT IS ACCORDINGLY ORDRED, ADJUDGED AND DECREED:**

A. The parties are awarded a Judgment for Dissolution of Marriage and the bonds of marriage heretofore existing between the Petitioner, Vito Montana, and the Respondent, Natalja Vildziuniene, are hereby dissolved.

B. Natalja is to pay Vito the temporary maintenance due to him pursuant to this Court's order dated July 27, 2017 in the amount of $1,500 per month for 4 months, with the first payment beginning no later than January 5, 2019 and the last payment made no later than April 5, 2019.

C. With regard to the four real properties, neither party shall cause any liens to be placed on any of said properties without the express consent of the other party, except that their respective attorneys, Potratz & Associates and

3

SR 000016
**U.S. Trustee's Exhibit A**

Winters Family Law Firm may place liens for any outstanding attorney fees and cost due them on any or all of said properties after a hearing on final fees and contribution toward final fees by this Court.

D.      With regard to the four real properties, neither party may dispose of or transfer their interests in said properties without the express consent of the other party, except as delineated in this Judgment.

E.      Each party is entitled to an equal ownership interest in each of the real properties, to the extent Natalja has any interest therein, as though they were held by each party as tenants in common.

F.      Natalja shall continue managing the income properties and collecting rents earned therefrom until such time as said properties are sold.

G.      Rents from all income properties shall be used to pay the mortgages on the marital residence and the income properties and the costs necessary to maintain them.

H.      Beginning January 1, 2019, Joseph Gentleman shall cease receiving or collecting the rent proceeds from the income property located at 3543 Plainfield Avenue. Said rents are to be made out to and collected by Natalja from that date until such time as the property is sold.

I.      Natalja shall provide an accounting to Vito every three months which shall show the gross rents collected from each of the income properties and the expenses paid relative to the income properties and the marital residence, including mortgages. Any remaining funds are to be equally split between Vito and Natalja.

J.      Any and all expenses related to maintaining the income properties, to the extent they are not paid for by rent proceeds, are to be shared equally by Natalja and Vito.

K.      Each of the real properties are to be placed for sale immediately upon the entry of the Judgment. With regard to any liens suspected to be improper or unlawful, sufficient funds from the sale of the property shall be impounded until resolution of the chancery matter.

L.      The parties shall agree upon a real estate agent for each of the real properties and shall cooperate with the agent, follow their recommendations regarding asking sale price and reduce the asking sale price by an amount either

4

U.S. Trustee's Exhibit A

mutually agreed upon or recommended by the agent when reasonable to do so in the agent's opinion.

M.    Each party shall be responsible for and pay their own debts and shall defend and indemnify the other from any claims or actions resulting from default on any of their respective debts.

N.    Any and all proceeds received as a result of the chancery matter, case number 2015 CH 02159, or any successor case, shall be split equally between the parties.

O.    Vito is obligated to pay for fifty percent (50%) of Natalja's legal fees for the chancery matter incurred after the entry of this Judgment. If Vito is unable to pay such fees and costs, they shall be subtracted from his share of the proceeds of the chancery matter.

P.    Vito is awarded 100% interest in his lingerie business.

Q.    On December 5, 2018, the Court reopened proofs for the purposes of considering a mortgage to Ayres Law Offices, Ltd. in the amount of $25,000 recorded by Natalja against 208 Dee Road. Such Mortgage is allocated to Natalja and shall be her sole responsibility.

R.    Vito shall have the right to borrow up to $25,000 against 208 Dee Road for attorneys' fees and costs to be repaid by him. Natalja shall cooperate with any such efforts by Vito.

ENTER: Associate Judge John Thomas Carr

DEC 05 2018

Circuit Court – 1948

_____
JUDGE

5

SR 000018

**U.S. Trustee's Exhibit A**